IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ERIC J. HARRISON,                        :
                                         :
        Petitioner              :
                                         :
    v.                                   :        CIVIL NO. 4:CV-14-942
                                         :
WARDEN, FCI-SCHUYLKILL,                  :        (Judge Brann)
                                         :
        Respondent              :

## MEMORANDUM

July 2, 2014

**Background**

    Eric J. Harrison, an inmate presently confined at the Schuylkill Federal

Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill) filed this pro

se habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as sole

Respondent is the Warden of FCI-Schuylkill.  The required filing fee has been

paid.

    Petitioner states that on April 17, 2008 he entered into a plea agreement and

pled guilty to charges of armed bank robbery and using a firearm in furtherance of

a crime of violence in the United States District Court for the Northern District of

Ohio.  Harrison indicates that he was subsequently sentenced on July 15, 2008 to

serve a 151 month term of incarceration on the armed robbery charge and a 84 month term on the firearm charge.

Harrison's pending action claims that: (1) the Northern District of Ohio lacked jurisdiction because the bank was not insured by the Federal Deposit Insurance Corporation (FDIC) at the time of the robbery; and (2) his trial counsel provided ineffective assistance by not investigating as to whether the bank was federally insured.   There is no indication by Petitioner that he filed a direct appeal or sought relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." <u>Gorko v. Holt,</u> 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of unconstitutional conviction and sentence via a § 2241 petition. It would appear that it is Harrison's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing home detention at FCI-Schuylkill.

When challenging the validity of a federal sentence and not its execution,[1] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Russell v. Martinez</u>, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under §

---

[1]    A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. <u>See</u> <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005).

2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his 2008 federal guilty plea and sentence which transpired in the Northern District of Ohio. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication by Petitioner that he either filed a direct appeal or previously sought relief via a § 2255 action.

Harrison's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law.  Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.  As recognized by the Honorable Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Harrison's pending claims do not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is  inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction.  Of course, this dismissal has no effect on Petitioner's right to file a § 2255 motion in the United States District Court for the

Northern District of Ohio, or if appropriate seek authorization from the appropriate

Court of Appeals to file a second or successive § 2255 petition.


BY THE COURT:


  s/ Mathew W. Brann
Matthew W. Brann
United States District Judge